RONALD K. LUSK v. STATE.

174 N. W. (2d) 135.

January 16, 1970—No. 41310.

C. Paul Jones, State Public Defender, and Robert E. Oliphant and Roberta K. Levy, Assistant State Public Defenders, for appellant.

Douglas M. Head, Attorney General, George M. Scott, County Attorney, and Henry W. McCarr, Jr., Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from an order of the district court denying a petition for postconviction relief. Petitioner, Ronald K. Lusk, contends that the record establishes that his physical and mental condition at the time of arraignment prevented him from intelligently and understandingly entering a plea of guilty. He also contends that his statements to the court at the time of arraignment were inconsistent with an admission of guilt.

From the record it appears that petitioner and an accomplice were apprehended on December 29, 1960, during the course of an armed robbery and following a gun battle with police in which petitioner was critically wounded. He was confined to the Minneapolis General Hospital on December 29, 1960. While in the hospital he underwent five operations and was given various medications, including drugs designed to relieve pain and induce sleep. The last sleep-inducing medication was given to petitioner on the evening of January 17, 1961. He was discharged from the hospital on January 18. He appeared in court on January 19 and was charged by information with robbery in the first degree, contrary to Minn. St. 1957, § 619.42. Arraignment was deferred to give him an opportunity to procure counsel.

After appointment of counsel by the court, petitioner appeared for arraignment on January 24, 1961, and entered a plea of guilty. On examination he admitted that his counsel had explained the elements of the offense with which he was charged, the consequences of the plea of guilty, and the fact that he was entitled to a jury trial with a presumption of innocence. He testified that he and his accomplice engaged in an armed holdup of Buzz Arlett's Bar, during the course of which he was wounded and they were apprehended. He did not know how much money was involved in the holdup as "I got shot before I got to see it." In its findings, the postconviction court held:

"Nothing in the General Hospital chart received in evidence in these proceedings indicates or suggests that the petitioner at any time was incapable of understanding his situation or the proceedings taken against him upon the Information filed by the Hennepin County Attorney.

"Nothing in the transcripts of any of the proceedings taken by the State against the petitioner pursuant to the aforementioned Information indicate that his physical and mental condition at the time of any such hearings was such that he was incapable of understanding the proceedings against him."

The record indicates that, at best, petitioner's statements amount to an equivocal inability to recollect the circumstances under which his plea of guilty was entered. The record wholly belies petitioner's self-serving claims of memory lapse, which are not corroborated by any medical testimony. We find nothing in the record which would warrant the conclusion that petitioner's plea of guilty was improvidently received. Swanson v. State, 284 Minn. 66, 169 N. W. (2d) 32; State ex rel. Gowdy v. Tahash, 284 Minn. 528, 169 N. W. (2d) 30.

Affirmed.